**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

VICKI BOGDANSKI,

        Plaintiff,

        v.                            Case No. 3:05cv439/RV/MD

UNITED STATES OF AMERICA,

        Defendant.

_____/

## ORDER

      Pending are two motions for summary judgment filed by the government
(docs. 10, 14).

      This case involves a claim of medical negligence, and it is filed against the
United States pursuant to the Federal Tort Claims Act, <u>see</u> 28 U.S.C. § 1346(b).
The plaintiff has advanced three claims in her complaint. First, she alleges that she
underwent an undisclosed surgical procedure at Tripler Army Medical Center
("TAMC") in Hawaii, on April 7, 2000, and she claims that the surgery was
negligently performed in that, as a result of the procedure, her speech was impaired
and she had difficulty swallowing. Next, the plaintiff claims that she presented to
unnamed health care providers at TAMC over the next several years, and they
failed to properly diagnose and treat her condition. And lastly, she alleges that
certain of these medical providers failed to obtain her informed consent prior to the
complained-of surgery. <u>See</u> <u>generally</u> Complaint at ¶¶5-6.

      In September 2006, the government filed a motion for summary judgment
(doc. 10). The government argued that summary judgment was appropriate as to
each claim because the plaintiff was unable to establish a *prima facie* case of

medical negligence. Specifically, the government argued that the plaintiff did not have and produce expert opinion to support her allegations, even though the time in which she had to do so had expired and she had not sought an extension. These arguments are well-taken. See, e.g., Craft v. Peebles, 893 P.2d 138 (Haw. 1995) (expert testimony is required to substantiate claim for negligent treatment); Carr v. Strode, 904 P.2d 489 (Haw. 1995) (expert testimony is required to establish "materiality of the risk," which is necessary to substantiate claim for lack of informed consent).[1] There is an exception to this general requirement when the alleged malpractice is so obvious and apparent as to fall within a person's common experience. The plaintiff does not argue that this exception applies to the facts of this case, however, nor does she otherwise deny that she must substantiate her claims with expert opinion. To the contrary, she filed a response to government's motion and specifically stated that "Plaintiff does not oppose defendant's motion for summary judgment." Then, although it is not clear why (given that it did not appear to relate to the arguments raised in the motion for summary judgment), the plaintiff stated in her response that "If defendant's agency had produced the contract between defendant's agency and the anesthesiologist during the administrative claims stage of the Federal Tort Claims process, *plaintiff would not have filed suit against the United States.*" (Emphasis added). Because these were the only two statements contained in the plaintiff's response, it would seem that she was conceding that summary judgment was appropriate and due to be granted in favor of the government. However, after the plaintiff filed her response --- and despite her apparent concession therein --- the government filed a second motion for summary judgment (doc. 14). It did not withdraw its first motion or suggest

---

[1]Because the alleged malpractice occurred at TAMC, the substantive law of Hawaii applies to this case. See 28 U.S.C. § 1346(b)(1).

that the arguments raised in that motion were no longer valid.

In its second motion, the government moved for partial summary judgment "as to any claims that the plaintiff may be asserting regarding medical care provided to her in April 2000 by Dr. Lucie Roux." Dr. Roux was the anesthesiologist during the plaintiff's surgery. She is not listed as a defendant (nor is she even mentioned) in the plaintiff's complaint. The government argues in this second motion that summary judgment is proper because Dr. Roux was an independent contractor, not a federal employee. The plaintiff has filed a response to this motion, arguing that there is a disputed issue of material fact as to Dr. Roux's employment status with the government.

The reason for the government's motion for partial summary judgment is unclear. It appears that the government believes (perhaps based on the plaintiff's response to the first summary judgment motion) that the plaintiff is attempting to state a claim against Dr. Roux. But, if the allegations in the complaint cannot be proven without substantiating expert medical opinion (as the government argued in its first motion, as the plaintiff apparently conceded, and as the above-cited cases make plain), then it should not matter if Dr. Roux was an independent contractor or federal employee. In other words, even if it is assumed for present purposes that Dr. Roux was a federal employee at the time of the alleged malpractice, if the plaintiff's claims cannot be sustained without expert opinion --- and none has been produced thus far --- then the claims must necessarily fail. See, e.g., Craft, *supra*, 893 P.2d at 149-52 (affirming trial court grant of summary judgment in favor of defendant in medical malpractice case "on the specific ground that Craft failed to provide expert medical testimony" to support her claims).[2]

---

[2]

I note that this result may have been different if the plaintiff had attempted to present an explanation or excuse for her failure to obtain expert opinion, or if she had asked the court for an extension of time in which to do so. In the absence of

Accordingly, the government's first motion for summary judgment (doc. 10) is GRANTED, and its subsequent motion for partial summary judgment (doc. 14) is DENIED as moot. The Clerk is directed to close this case and enter judgment in favor of the government and against the plaintiff, together with taxable costs.

DONE and ORDERED this 27th day of February, 2007.


*/Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

---

either circumstance, however, summary judgment is appropriate.

*Case No.: 3:05cv439/RV/MD*